ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY BARGALLA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0593-M |
| | § | |
| LUPE VALDEZ, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Plaintiff Timothy Bargalla, a former inmate in the Dallas County Jail, against various jail employees and supervisory officials. On March 24, 2005, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. *See Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985). Plaintiff filed his interrogatory answers with the district clerk on May 10, 2005. The court now determines that this action should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff was incarcerated in the Dallas County Jail from January 1, 2005 until April 30, 2005. During that four-month period, plaintiff alleges that Officer Andrews and a medical technician named "Roselyn" refused to dispense prescription medication for his bi-polar disorder and other mental illnesses if he attended morning recreation sessions. According to plaintiff, forcing him to chose between receiving his medication and participating in daily recreation has resulted in "the infliction of unnecessary pain and suffering." (Plf. Compl. at 4). By this suit, plaintiff seeks unspecified money damages.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

    (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most

sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The court initially observes that plaintiff has failed to state a claim against Dallas County Sheriff Lupe Valdez and Dr. Oliver, Director of the UTMB Mental Health Medical Department. As supervisors, Valdez and Oliver are liable only if: (1) they affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). It is clear from plaintiff's interrogatory answers that neither defendant was personally involved in the alleged constitutional deprivations made the basis of this suit. Instead, plaintiff maintains that Valdez and Oliver are liable for the actions of their subordinates. Such allegations are insufficient to state a claim against these defendants in their individual capacities. *See Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 736, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989); *Morgan v. Dallas County Sheriff's Dep't*, 2005 WL 57282 at *2 (N.D. Tex. Jan. 11, 2005).

C.

The court further determines that plaintiff has failed to state a claim for denial of medical care. In order to establish a constitutional violation, plaintiff must show that jail officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). This, in turn, requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811

(1994). Moreover, a prisoner may not bring a civil rights action for mental or emotional injury suffered while in custody "without a prior showing of physical injury." 42 U.S.C. § 1997e; *see also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("physical injury" must be more than *de minimis*, but need not be significant.).

Assuming *arguendo* that jail officials were deliberately indifferent to plaintiff's medical needs by refusing to dispense prescription medication on the days he chose to attend morning recreation sessions, no facts are alleged to prove anything more than a *de minimis* injury resulting therefrom. Plaintiff claims only that he suffered "unnecessary pain and suffering." (Plf. Compl. at 4). This is insufficient to establish "physical injury" under the PLRA. *See Morgan*, 2005 WL 57282 at *2 (allegation that plaintiff suffered "undue pain . . . on a regular basis" insufficient to establish physical injury).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

DATED: May 13, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE